[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10121
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00614-CLS

AUBRY LAUHOFF,

Plaintiff-Appellant,

versus

LAWRENCE COUNTY, ALABAMA, et al.,

Defendants,

QUALITY CORRECTIONAL HEALTH CARE, INC.,
JOHNNY BATES,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 1, 2017)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

After a jury trial in this 42 U.S.C. § 1983 action, the plaintiff Aubry Lauhoff appeals the final judgment entered in favor of the defendants, Dr. Johnny Bates and his company, Quality Correctional Health Care, Inc. ("QCHC"), which contracts to provide medical services to prison inmates. On appeal, Lauhoff argues that he is entitled to a new trial because the district court erred in instructing the jury on his Fourteenth Amendment claim of deliberate indifference to serious medical needs.[1] After review, we affirm.

## I.  BACKGROUND FACTS

While Lauhoff was incarcerated in Alabama at the Lawrence County Jail ("the jail") for several months, he was diagnosed with and treated for Crohn's Disease, edema, anemia, and malnourishment. Six days after his release from jail, Lauhoff was admitted to the hospital, where he was diagnosed with severe anemia and was given a blood transfusion.

Lauhoff filed this § 1983 action claiming that Dr. Bates, who treated him in the jail, was deliberately indifferent to Lauhoff's serious medical needs. During the five-day trial, Lauhoff maintained that Dr. Bates's treatment, which included

---

[1]Lauhoff voluntarily dismissed his claims against the other defendants named in his amended complaint and voluntarily dismissed his Alabama medical negligence claims against Dr. Bates and QCHC, leaving only his deliberate indifference claim against Dr. Bates and QCHC to go to the jury.

lab work, medications, and B12 injections, was not sufficient and that Dr. Bates

should have sent him to a hospital for treatment, including a blood transfusion.

At the close of the evidence, the district court charged the jury that Lauhoff

had to prove by a preponderance of the evidence: (1) that Lauhoff had a serious

medical need; (2) that Dr. Bates knew that Lauhoff had a serious medical need that

posed a risk of serious harm; (3) that Dr. Bates failed to provide necessary medical

care for Lauhoff's serious medical need in disregard of, or indifference to, the risk

of serious harm to Lauhoff; (4) that Dr. Bates was acting under color of state law at

the time; and (5) that Dr. Bates's conduct caused Lauhoff's injuries.

Relevant to this appeal, the district court gave the Eleventh Circuit's Pattern

Jury Charge for "serious medical need" with some additional language, requested

by Lauhoff, stating that "serious harm" does not require a permanent loss or

handicap, as follows:

> The first element requires plaintiff to prove that he had a
> serious medical need during the period in which he was incarcerated
> in the Lawrence County Jail.  A serious medical need is a medical
> condition that has been diagnosed by a physician as requiring
> treatment, or a medical condition that is so obvious that even a
> layperson would easily recognize the need for medical care.  In either
> case, the medical condition must have posed a substantial risk of
> serious harm to the plaintiff if left unattended or not appropriately
> treated in a timely manner.  Serious harm does not require a
> permanent loss or handicap.

See Eleventh Circuit Civil Pattern Jury Instructions No. 5.4 (2013).  Lauhoff

requested that the district court also instruct the jury that serious harm "includes

3

unnecessary pain and suffering," but the district court did not do so. Lauhoff objected to the district court's refusal to include the pain and suffering language, arguing that his pain and suffering while in jail was the "essence" of his case because the defendants would argue that he eventually got better.

During deliberations, the jury returned with the following question: "What is the legal definition of serious medical need of an inmate?" The district court repeated the charge on the first element of the claim. Lauhoff renewed his objection to that instruction.

After further deliberation, the jury returned a verdict in favor of Dr. Bates and QCHC. Using a special verdict form, the jury found, as to the first two elements of the deliberate indifference claim, that Lauhoff "had a serious medical need" and that Dr. Bates "knew that plaintiff had a serious medical need that posed a risk of serious harm." As to the third element, however, the jury found that Dr. Bates had not "failed to provide the necessary medical care for plaintiff's serious medical need in disregard of, or indifference to, the risk of serious harm."

After the jury trial, Lauhoff filed a motion for a new trial, arguing solely that the district court's "serious medical need" jury instruction was flawed because it omitted his pain and suffering language and thus misled the jury. The district court denied Lauhoff's motion.

4

## II. DISCUSSION

On appeal, Lauhoff argues that the district court erred by refusing to give his requested jury instruction as to the definition of "serious medical need." Lauhoff contends, as he did at trial, that the district court should have further instructed the jury that serious harm includes unnecessary pain and suffering and that the failure to do so warrants a new trial.

"We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party, but the district court is given wide discretion as to the style and wording employed in the instructions." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013) (quotation marks omitted). "We review only for an abuse of discretion a district court's refusal to give a requested jury instruction." Id. (quotation marks omitted). A district court's refusal to give a requested instruction is an abuse of discretion "only when (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." Id. (internal quotation marks omitted). In short, "[w]e will not disturb a jury's verdict unless the charge, taken as a whole, is erroneous and prejudicial." Badger v. S. Farm Bureau Life Ins. Co., 612 F.3d 1334, 1339 (11th Cir. 2010) (quotation marks omitted).

5

Here, the district court did not abuse its discretion by excluding Lauhoff's proposed language that "serious harm" includes pain and suffering.  First, the pattern jury charge adequately defines "serious medical need," which is the relevant element.  See, e.g., Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (defining "serious medical need"); Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1233 (explaining that if the instruction given accurately reflects the law, the district court has wide discretion as to wording).

Second, even if we assume arguendo that Lauhoff's requested language correctly stated the law and dealt with an issue properly before the jury, Lauhoff has not shown that the failure to include it resulted in any prejudicial harm to him. The proposed language merely elaborated upon the meaning of "serious medical need," which implicates the first and second elements of Lauhoff's deliberate indifference claim.  Clearly, the failure to include this language did not prejudice Lauhoff in any way, as the jury found in Lauhoff's favor that Lauhoff had a serious medical need and that Dr. Bates knew that Lauhoff had a serious medical need "that posed a risk of serious harm."  Lauhoff did not prevail on his § 1983 claim because the jury found, as to the third element, that Dr. Bates's treatment of Lauhoff's serious medical need did not amount to deliberate indifference.  Under the circumstances, Lauhoff has not shown any prejudice, and reversal for a new trial is not warranted.

**AFFIRMED.**